Matthew D. Tokarz, Esq.
California Bar No. 225024
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
File No. 09-00997

Attorneys for Movant,
COUNTRYWIDE HOME LOANS, INC.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| In re: | Case No.: 08-47562-LT |
|---|---|
| TEDORICO TOLENTINO GARFIELD AND LEONOR PANGILINAN GARFIELD, | Chapter 13<br>R.S. No. MDT-163 |
| Debtors. | **Hearing –**<br>Date: March 20, 2009<br>Time: 11:00 A.M.<br>Place: U.S. BANKRUPTCY COURT,<br>1300 Clay Street<br>Oakland, CA 94612<br>Courtroom 201 |

## MOVANT COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COUNTRYWIDE HOME LOANS, INC., its assignees and/or successor in interest ("Movant" herein), moves this Court for an Order terminating the Automatic Stay of 11 U.S.C. §362 as to Movant (and the Trustee under the Deed of Trust securing Movant's claim) so that Movant (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property, generally described as **2304 Magnolia Bridge Drive, San Ramon, CA 94582** ("Property" herein).

///

1

Case: 08-47562    Doc# 14    Filed: 02/26/09    Entered: 02/26/09 15:56:38    Page 1 of 3

Movant alleges that post-petition payments are in arrears. Attached is a Declaration of ROBERT TURNER, which is incorporated herein by this reference, containing the information required by Local Bankruptcy Rule 4001-1(a).

Movant alleges the value of the Property to be approximately $782,000.00 based upon Schedule A-Real Property of the Debtor's Schedules. Attached hereto as **Exhibit "1"** is a copy of Schedule A-Real Property of the Debtor's Schedules. Movant requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached Exhibit as to the issue of value of the subject Property.

The subject Property is encumbered in favor of CONTRA COSTA COUNTY TAX COLLECTOR for Property Taxes in the amount of $6,703.41.

Furthermore, Movant seeks adequate protection to the extent the Court continues the Automatic Stay, including a requirement that Debtor reinstate all past due post-petition arrearages and immediately commence regular monthly payments.

Movant alleges that Movant is not adequately protected and that cause exists, in that Movant is not receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay Movant in the foreclosure of Movant's interest in the subject Property. 11 U.S.C. Section 362(d).

Debtors will be surrendering the subject real property according to their Chapter 13 Plan attached hereto as **Exhibit "3"**.

Movant is also entitled to attorneys' fees and costs under the Note and Deed of Trust securing Movant's claim, or alternatively under 11 U.S.C. 506(b) and such other relief as the Court deems just and proper. This demand is based on the instant Motion for Relief from Automatic Stay and the following Declaration of ROBERT TURNER.

In the event neither Debtor nor Debtor's Counsel appear at a Hearing on this Motion, the Court may grant relief from the Automatic Stay permitting Movant to foreclose on the subject Property and obtain possession of such Property without further Hearing.

WHEREFORE, Movant prays for an order as follows:

(1) For an Order granting relief from Automatic Stay, permitting Movant to move ahead with Foreclosure proceedings under Movant's Trust Deed, and to sell the subject Property at a Trustee's Sale under the items of said Trust Deed including necessary action to obtain possession of the Property.

(2) For an Order waiving the 10-day stay provided by Bankruptcy Rule 4001(a)(3).

(3) For an Order binding and effective despite any conversion of this bankruptcy case.

(4) For such other relief as this Court deems appropriate.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 2/26/09     By: /s/ Matthew D. Tokarz
                       Matthew D. Tokarz, Esq.
                       Attorney for Movant

09-00997/ndmfr.dot/jra

3

Case 08-47562   Doc# 14   Filed: 02/26/09   Entered: 02/26/09 15:56:38   Page 3 of 3