| | |
|---|---|
| SCHEER LAW GROUP, LLP<br>SPENCER P. SCHEER #107750<br>JOSHUA L. SCHEER #242722<br>REILLY D. WILKINSON #250086<br>JONATHAN SEIGEL #168224<br>155 N. Redwood Drive, Suite 100<br>San Rafael, CA 94903<br>Telephone: (415) 491-8900<br>Facsimile: (415) 491-8910<br>PH.061-13708S<br><br>Attorneys for Secured Creditor<br>PATELCO CREDIT UNION | |

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>TEODORICO TOLENTINO GARFIELD<br>AND LEONOR PANGILINAN GARFIELD,<br><br>Debtors, | Bk. No.08-47562 - LJT<br><br>R. S. No. RDW-273<br><br>Chapter 13<br><br>MOTION FOR RELIEF<br>FROM AUTOMATIC STAY<br><br>Hearing-Motion for Relief from Automatic Stay<br>Date:   February 19, 2010<br>Time:   11:00 a.m.<br>Place:  Bankruptcy Court<br>           1300 Clay St., Courtroom #201<br>           Oakland, CA 94612-1425 |

PATELCO CREDIT UNION, its assignees and/or successors ("Lender" or "Movant"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. § 362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party so that moving party may take all steps necessary under State law to sell or dispose of personal property described as **2004 Honda Civic, Vin No. 1HGEM22144L008801,** ("Vehicle") and which is more particularly described in the Certificate of Title attached to the Declaration of ESTER CARINO.

In addition, and if applicable, Lender will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), so that Lender may proceed with its rights under State law without the applicable waiting period specified therein.

This motion is brought pursuant to 11 U.S.C. § 362(d)(1) for "cause" and due to the failure of Debtors to make required payments as set forth in the attached Declaration of ESTER CARINO.

Movant seeks, relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(d)(1) for "cause", as well as pursuant to 11 U.S.C. § 109(g). This is the <u>second</u> bankruptcy filed by Debtors. Prior to this date, on February 11, 1998, Debtors filed a Petition under Chapter 7 of the Bankruptcy Code, No. 98-41148. Movant requests that this Court take judicial notice of the prior bankruptcy filing pursuant to <u>Federal Rule of Evidence Section 201</u>.

In addition, Movant seeks relief pursuant to 11 U.S.C. § 362(d)(2) and alleges that in accordance with the information set forth in the attached Declaration of ESTER CARINO, and due to the Debtors' failure to make required payments, that Debtors do not have any realistic hope for a reorganization, and that there is insufficient equity present in the subject personal property to justify the continuance of the Automatic Stay. The retail value of the Vehicle is $9,445.00 and the amount owing on the subject loan is $11,026.74.

In addition, and in the event that the Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§ 361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments, and provide proof that the subject property is covered by insurance.

Furthermore, Movant will also seek attorneys' fees and costs incurred in bringing the Motion. Movant requests such fees pursuant to the Security Agreement securing Movant's claim or pursuant to 11 U.S.C. Section 506(b). In addition, Movant requests such further relief as is just.

This Motion shall be based on these moving papers, as well as the attached Declaration of ESTER CARINO and the RELIEF FROM STAY INFORMATION SHEET filed

herewith.  This motion concerns personal property described as a **2004 Honda Civic, Vin No. 1HGEM22144L008801.**

In the event neither the Debtors nor Debtors' counsel appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to sell the Debtors' property described as a **2004 Honda Civic, Vin No. 1HGEM22144L008801**, without further hearing or may issue an order conditioning the continuance of the Automatic Stay.

WHEREFORE, Movant prays for judgment as follows:

1. For an order granting relief from the Automatic Stay, permitting Movant to take all steps necessary under State or Federal law to sell the Vehicle and apply the proceeds from the sale to Debtors' loan balance.
2. For an order permitting Movant to offer and provide Debtors with information regarding potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors.
3. For an order regarding adequate protection of Movant's interest as this Court deems proper.
4. For attorneys' fees and costs for suit incurred herein.
5. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3).
6. For such relief as this Court deems appropriate.

SCHEER LAW GROUP, LLP

DATED:  February 4, 2010            /s/ REILLY D. WILKINSON
                                    #250086